J. W. SWENT AND URSULA L. SWENT, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4381.   Promulgated May 14, 1945.

*Nathan Moran, Esq.,* for the petitioners.
*B. H. Neblett, Esq.,* for the respondent.

34

OPINION.

VAN FOSSAN, *Judge*: The respondent bases his objection to the exclusion from the petitioner's gross income of the $25,000 salary received from the San Luis Co., as provided by section 116 (a) of the Revenue Act of 1938,[1] on the narrow ground that the petitioner was physically within the United States for a period of more than six months during the taxable year, "regardless of the fact that he previously resided in Mexico and intended to return there." He relies wholly on *Commissioner* v. *Fiske's Estate*, 128 Fed. (2d) 487; certiorari denied, 317 U. S. 635, reversing 44 B. T. A. 227. A careful

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT UNITED STATES.—In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

examination of the decision in that case leads us to the conclusion that the Circuit Court of Appeals for the Seventh Circuit reversed the Board chiefly on the ground that the taxpayer failed to prove that his income was for personal services performed without the United States during the taxable period. Although the majority opinion comments on the amount of time spent within the United States and observes:

\* \* \* we believe that Congress was not concerned with the question where a taxpayer had his permanent residence, but rather intended the act to apply to any American citizen actually outside of the United States for more than six months during the taxable year, engaged in the promotion of American foreign trade. \* \* \*

We find ourselves in accord with the minority opinion of Judge Major who, in supporting the view of the Board, states that the reasons given by the Board for its decision are "of such a convincing character as to justify their inclusion" in his opinion.

In *Estate of W. M. L. Fiske*, 44 B. T. A. 227, the Board said:

\* \* \* The use of the words "bona fide nonresident" instead of a straight-forward statement that mere physical presence in or absence from the United States would be determinative, is indication enough that Congress did not mean the exemption to depend upon mere physical presence in or absence from the United States during six months of the year.

The Bureau rulings are neither clear nor controlling on the question of what was meant by "bona fide nonresident." The exemption has been held applicable in the rulings, provided that the citizen was merely absent from the United States for more than six months during a taxable year, but it is quite another thing to say that it does not apply unless the person has been absent from the United States for more than six months during a taxable year. Physical absence from the United States for the prescribed time would be a prerequisite in the case of a person who had no actual residence outside of the United States. However, a citizen who had an actual bona fide residence outside of the United States and no residence within the United States, has been held entitled to the exemption even though he was not physically absent from the United States for more than six months during the taxable year. (*Carstairs* v. *United States* (Dist. Ct., E. Dist. Pa., 1936, not officially reported.)) While decisions relating to the words "residence" and "nonresidence," as used in other statutes are not particularly helpful, they do indicate that the test of mere physical presence or absence is not determinative. Cf. *Hall* v. *Godchaux*, 149 La. 733 ; 90 So. 145. *In re Conis*, 35 Fed. (2d) 960; *United States* v. *Dick*, 291 Fed. 420; *United States* v. *Rockteschell*, 208 Fed. 530; *United States* v. *Jorgenson*, 241 Fed. 412. The above cases, as well as many others, are authority for the proposition that a person may be an actual bona fide resident of a place and yet be absent from that place for one reason or another.

Thus, it seems proper to conclude that the question of whether the decedent was a nonresident depends not merely upon the period of time he spent in the United States, but depends also upon the purpose of his visit, his intentions, and surrounding facts and circumstances. *Carstairs* v. *United States, supra.*

Also cf. *District of Columbia* v. *Murphy*, 314 U. S. 441.

The legislative history of section 116 (a) as set forth in the Board's opinion is a factor in the decision there reached, but we do have further light on the intent and understanding of Congress as to that section in Senate Finance Committee Report No. 1631, 77th Cong., 2d sess., relating to the repeal of the section as proposed by the House bill. The report stated:

In lieu of the repeal of this section, your committee recommends that subsection (a) be amended so as to change the test there provided to one of residence in a foreign country or countries during the entire taxable year. In the application of such provisions, the tests as to whether a taxpayer is a resident of a foreign country or countries will be those generally applicable in ascertaining whether an alien is a resident of the United States. Vacation or business trips to the United States during the taxable year will not necessarily deprive a taxpayer, otherwise qualified, of the exemption provided by this section.

Hence, Congress intended that the same standards governing the determination of the residence of aliens should apply to nonresidents as prescribed in section 116 (a). Obviously following this indication of legislative intent, the Commissioner, in section 29.116–1 of Regulations 111, provided as follows:

* * * Hence, a citizen of the United States taking up residence without the United States in the course of the taxable year is not entitled to such exemption for such taxable year. However, once bona fide residence in a foreign country or countries has been established, temporary absence therefrom in the United States on vacation or business trips will not necessarily deprive such individual of his status as a bona fide resident of a foreign country. Whether the individual citizen of the United States is a bona fide resident of a foreign country shall be determined in general by the application of the principles of sections 29.211–2, 29.211–3, 29.211–4, and 29.211–5 relating to what constitutes residence or nonresidence, as the case may be, in the United States in the case of an alien individual.

Section 29.211–2 of Regulations 111, stating in general terms the requirements for establishing the residence of an alien, provides as follows:

An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances.

The words of definition and description above set forth are precisely applicable to the facts in the case at bar. We need not repeat them. They all point conclusively to the facts that the petitioner, many years ago, had established his bona fide residence in Mexico; that he maintained it there, up to and including the taxable year, and that he intends to continue it as long as his business requires. As stated in the Senate Finance Committee Report, "vacations or business trips to the United States during the taxable year will not necessarily deprive a taxpayer, otherwise qualified, of the exemption." The adventitious circumstance of ill health consequent upon continued residence in the tropics is no less a reason for modifying the rule requiring an entire year's nonresidence than vacations or business trips. By invoking the arithmetical percentage which the respondent seeks, a single day's absence from the place of the taxpayer's "nonresidence" would defeat the exclusion under the later act. This result, of course, would be absurd.

What we have said concerning the petitioner applies equally well to his wife. Incidentally, we suggest this interesting question: Assuming that the petitioner had been physically present in Mexico for more than 183 days of the taxable year and that his wife's ill health had required her to undergo treatment or hospitalization in the United States for more than 183 days thereof, would the respondent's theory deprive her of the exclusion granted by the statute? It would seem to do so. The manifest unreasonableness of such a result is collaterally persuasive that our conclusion is sound—it certainly is just.

We adhere to our position set forth in *Estate of W. M. L. Fiske*, *supra*, and hold that the petitioners are entitled to the exclusion provided in section 116 (a) of the Revenue Act of 1938.

Reviewed by the Court.

*Decision will be entered under Rule 50.*