PAUL J. FICHTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7877.    Promulgated December 16, 1947.

*M. K. Eckert, Esq.*, for the petitioner.
*A. J. Hurley, Esq.*, for the respondent.

OPINION.

Kern, *Judge*: The primary question presented in this proceeding is whether petitioner during the taxable year was a bona fide nonresident of the United States for more than six months. If he was, then the income received by him from Anderson, Clayton & Co. during 1941 in compensation for his services as manager of its branch in Osaka, Japan, is exempt from taxation under the provisions of section 116 (a) of the Internal Revenue Code.[1]

Petitioner, in addition to his contention on the primary issue, contends in the alternative that if he is not held to be a bona fide nonresident of the United States for more than six months during the taxable year, then certain amounts of the sum included by respondent in his income for 1941 were, in reality, constructively received by him in 1940, and certain exclusions should be made from these receipts on account of commissions paid by him to his Japanese assistants.

Because of our conclusion that petitioner is correct in his primary contention, we have made no findings with regard to the alternative questions, which it is unnecessary for us to decide.

The question which we decide in the instant case is of the same generic type as that decided by us in *Estate of W. M. L. Fiske*, 44 B. T. A. 227; reversed, 128 Fed. (2d) 487, and in *J. W. Swent*, 5 T. C. 33; reversed 155 Fed. (2d) 513; but the facts presented by the record here before us are so much more favorable to the taxpayer that, even if we were to abandon the position taken by us in those cases and follow the principles enunciated by the Circuit Courts of Appeals for the Seventh and Fourth Circuits, we should decide in the instant case that the petitioner was a bona fide nonresident of the United States for more than six months of the taxable year.

The legislative history and background of the section of the code here in question was discussed in our opinions in the *Fiske* and *Swent* cases, *supra*, and a repetition of that discussion is unnecessary in this

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT UNITED STATES.—In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection. * * *

opinion. The evident purpose of section 116 (a) was to increase and encourage our foreign trade by exempting from tax the income derived from export sales by American citizens engaged in that trade and forced to be absent on account thereof from the United States for considerable periods of time. The statute as finally adopted exempted from taxation the amounts received from sources without the United States by "a bona fide non-resident of the United States for more than six months during the taxable year."

In the instant case petitioner had been for many years employed by one of the large business concerns of the United States in selling its products in Japan, and the income here in question represented salary for such services and commissions earned on such sales. In order to carry on his duties as a foreign representative for this American business concern, petitioner was compelled to reside in Japan. He married there, owned a house there, and reared through childhood three children there. During those years he made the customary business and vacation trips to the United States, but no contention is made that these trips deprived him of his status as a bona fide nonresident. See *J. W. Swent, supra,* at page 38. In fact, respondent has stipulated that petitioner was a resident of Japan for 22 years up until January 1, 1941.

In 1941 the international situation understandably caused petitioner to travel more than usual, to be absent from Japan more than usual, and finally, to return to the United States, but the facts show without question that petitioner was physically absent from the United States during 206½ days of the year.

In the *Fiske* case, *supra,* the taxpayer was physically present within the United States during practically all of the taxable year, while in the *Swent* case, *supra,* the taxpayers were physically present within the United States for two-thirds of the year. In the *Swent* case, the Circuit Court of Appeals said: "The Commissioner here contends (we think, rightly) that the exemption statute requires actual physical absence from the United States for six months during the taxable year," and the gist of that Court's opinion was expressed in the following language:

In view of what has been said, we feel that Swent, who in 1940 spent two-thirds of the year in the United States for pleasure and profit (though probably consideration of health had some influence), whose stay was neither casual nor incidental, was not "a bona fide nonresident of the United States for more than six months during the taxable year" as that phrase is used in the exemption statute.

After our reversal in the *Fiske* and *Swent* cases, we said in *J. Gerber Hoofnel,* 7 T. C. 1136, 1141:

The statute in question has been interpreted to mean that the taxpayer must actually be physically absent from the United States for more than six months in the taxable year before he is entitled to the granted exemption. See *Commissioner* v. *Fiske,* 128 Fed. (2d) 487; *Commissioner* v. *Swent,* 155 Fed. (2d) 513.

Thus, the test contended for by respondent and approved by the Circuit Courts in the *Fiske* and *Swent* cases was the physical absence of the taxpayer from the United States for more than six months in the taxable year.

In the instant case, for the first time respondent contends that physical absence from the United States for six months of the year is not enough, but that the taxpayer must also show that each day of his physical absence from the United States was spent on business for his employer. Thus he disregards the days spent by petitioner in Canada and contends that petitioner was a bona fide nonresident for only the 180½ days when he was in Japan and on the high seas.

The facts show that petitioner acted as manager of the Osaka, Japan, branch of Anderson, Clayton & Co. from January 1 to August 1, 1941, and during that time had his residence and place of business in Japan. In that period he made a business trip to the United States. Before returning to Japan he went to Canada to see his children, who were being educated there. This had been his custom when coming to the United States on business. On this occasion he stayed in Canada for 18 days. Thus, in 1941 petitioner was physically absent from the United States for 198½ days during the period beginning January 1 and ending with his return to the United States on August 28. This was the period of his employment as foreign representative of the American business concern, out of which he derived the income here involved.

Under these facts we have concluded that petitioner was a bona fide nonresident of the United States for more than six months of the taxable year. It may be that petitioner's temporary presence in the United States incident to his business trip during the first part of 1941, which was closely related to his employment in Japan, should not be considered in computing the period of petitioner's bona fide nonresidence; but, without deciding that, we are confident that his physical presence in Canada in April 1941 can not adversely affect his status as a bona fide nonresident of the United States, in view of his immediate return to his place of duty in Japan.

The opinions of the Circuit Courts in the *Fiske* and *Swent* cases do not require such a result. Assuming, without deciding, that these opinions correctly state the law as applied to the facts of those cases, we are not disposed to extend the rationale of those cases to a case such as this where a taxpayer, clearly a bona fide nonresident under the doctrine of our own decisions in those cases, has not been physically present in the United States for more than six months in the taxable year.

Reviewed by the Court.

*Decision will be entered for the petitioner.*