CHARLES SCHOFIELD SALMON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7515. Promulgated January 26, 1949.

*E. J. Botts, Esq.*, for the petitioner.
*A. J. Hurley, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $8,273.75 in income tax of the petitioner for the calendar year 1939. The only question for decision is whether the petitioner was a bona fide nonresident of the United States for more than six months during the taxable year. If he was, then it is recognized that income from sources without the United States is exempt from taxation under section 116 (a). The facts have been stipulated.

The petitioner, at all times material hereto, was a citizen of the United States. He filed a separate income tax return for 1939 with the collector of internal revenue at Honolulu.

He was engaged during 1939 and for many years prior thereto in the business of operating and managing insurance agencies in the Philippine Islands and in the Territory of Hawaii. He was continuously a resident of the Philippine Islands for about 39 years prior to the taxable year 1939. He had had a home in Manila since 1912. He maintained no home in the United States prior to 1939 and came to this country only occasionally upon vacation visits.

The petitioner was in ill health in the early part of 1939. He left Manila on March 12, 1939, to receive medical advice and treatment in the United States. He arrived in Honolulu on March 30, left there on April 6, arrived in San Francisco on April 11, and remained within the continental limits of the United States until August 26, all in the year 1939. He entered the Dominion of Canada on August 26, remained there until November 5, then reentered the United States, remained within the continental United States until November 19, and then sailed from San Francisco for the Philippine Islands, stopping over one day in Honolulu en route. He remained in the Philippine Islands for the remainder of the year 1939.

A summary of his whereabouts during 1939 is as follows:

| | |
|---|---|
| In the Philippine Islands and on the high seas | 126 days |
| In Canada | 71 days |
| In the United States | 168 days |
| Total | 365 days |

The petitioner made the visit to Canada for the purpose of absenting himself from the United States in an effort to qualify for the exemption provided in section 116 (a).

The petitioner spent his entire time while away from the Philippine Islands in 1939 in improving and restoring his health and he did not during that time take any part in the management or conduct of his business affairs.

The Commissioner, in determining the deficiency, held that income from the Philippine Islands was not exempt from tax under section 116 (a) because the petitioner was not a bona fide nonresident of the United States for more than six months during the taxable year.

Section 116 (a) provided for 1939 that earned income from sources without the United States "shall be exempt from taxation under this chapter * * * in the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year." This subject was discussed at considerable length in *Estate of W. M. L. Fiske*, 44 B. T. A. 227. Fiske, like the petitioner, had his bona fide residence outside of the United States and was actually engaged in conducting a business there during all of the taxable year, despite his physical presence in the United States. We explained in the *Fiske* case why we thought that other circumstances were more important than physical absence from the United States. That case was reversed. See *Commissioner* v. *Fiske's Estate*, 128 Fed. (2d) 487; certiorari denied, 317 U. S. 635. This Court followed the *Fiske* case and refused to follow the reversal thereof in *J. W. Swent*, 5 T. C. 33. That case was reversed. See *Commissioner* v. *Swent*, 155 Fed. (2d) 513; certiorari denied, 329 U. S. 801. The Circuit Courts, in reversing those cases, held, in effect, that one who was physically present in the United States for more than half of the year could not qualify as a nonresident under section 116 (a. )

The case of *Paul J. Fichter*, 9 T. C. 1126, was one in which the taxpayer had resided for many years in Japan, continued to reside there during the first seven months of the taxable year, conducted a business in Japan during all of that time, and was not physically present in the United States for as much as one-half of the year. It was held

in that case that Fichter was a nonresident for more than six months during the taxable year. He had come to the United States during the year and while here had gone to Canada to visit. The number of days he was in the United States added to the number of days he was in Canada was more than six months. But it was held that "his physical presence in Canada in April 1941 can not adversely affect his status as a bona fide nonresident of the United States."

The present case is not distinguishable from the *Fichter* case. Here, too, the petitioner while in the United States paid a visit to Canada, and, although the length of time he was physically present in the United States was less than one-half a year, that period, increased by the length of time he was in Canada, amounts to more than one-half a year. The important points are that at all times he was carrying on a business in the Philippines where he had his bona fide residence and he was not physically present in the United States for as much as one-half of the year.

Reviewed by the Court.

*Decision will be entered under Rule 50.*